■ In the Matter of NANCY R. NACHMAN et al., Appellants, v JAMES A. CRAWFORD, JR., Doing Business as CRAWFORD FARMS, Respondent.—Mahoney, P. J. (1) Appeal from a judgment of the Supreme Court at Special Term (Tait, Jr., J.), entered April 3, 1985 in Madison County, which, in a proceeding pursuant to Lien Law § 201-a, granted respondent's motion to dismiss the proceeding as untimely commenced, (2) motion to dismiss appeal as moot, and (3) cross motion to hold respondent in contempt of court.

Petitioners are apparently the owners of a registered mare which had been boarded at respondent's place of business from February of 1982 until June 22, 1985. The parties had been disputing what, if any, boarding fees petitioners were responsible for when, on January 25, 1985, respondent served by certified mail a notice of sale to satisfy a lien (Lien Law § 201). On March 5, 1985, petitioners commenced this proceeding pursuant to Lien Law § 201-a seeking cancellation of the lien and return of the mare. Upon respondent's motion, Special Term dismissed the proceeding as untimely commenced and directed a sale no less than 15 days after service of the judgment with notice of entry. Petitioners appealed and moved this court, pursuant to CPLR 5518, to enjoin the sale pending appeal. Such motion was granted by order entered May 28, 1985 upon the condition that petitioners post a $7,500 undertaking. On June 28, 1985, petitioners posted an undertaking and, on July 26, 1985, respondent moved to dismiss the appeal as moot since, on June 22, 1985, prior to the posting of the undertaking, the mare had been sold. Petitioners cross-moved to hold respondent in contempt for violating this court's injunction.

We will deal first with the motions. The motion to dismiss the appeal as moot is denied. A proceeding pursuant to Lien Law § 201-a may be used to determine the validity of a lien, including the entitlement to the lien as well as the amount thereof. Such issues do not become moot simply because the property which is the subject of the lien has been sold. The propriety of the sale itself depends on the validity of the lien.

Next, the cross motion to hold respondent in contempt must be denied. Initially, the sale of the mare may well have constituted a violation of the injunction issued by this court. While it is true that petitioners failed to fulfill a condition of the injunction by posting an undertaking within a reasonable time, such failure rendered the injunction voidable, not void (see, Olechna v Town of Smithtown, 51 AD2d 1036). Respondent's remedy was to move to vacate the injunction or to compel petitioners to post an undertaking, not to resort to self-help. However, in order to hold an individual in contempt, it must be found that he refused or willfully neglected to obey a court order (CPLR 5104). In this case, respondent may have chosen the wrong remedy, but such conduct can hardly be termed willful disobedience. Further, it was petitioners' failure to promptly file the undertaking required by this court which precipitated respondent's action.

Turning to the appeal, Lien Law § 201-a provides that a

property owner served with a notice of sale to satisfy a lien may commence a special proceeding to determine the validity of the lien. The statute further provides that such a proceeding may be commenced within 10 days after service of the notice of sale. Here, the notice was served by certified mail on January 25, 1985. The notice was dated the same date that it was served. Due to service by mail and an intervening weekend, the proceeding should have been commenced by February 11, 1985. According to petitioners' own papers, they received the notice no later than February 5, 1985. Yet, the proceeding was not commenced until March 5, 1985. Petitioners contend that the notice of sale was defective on its face such that the 10-day period did not commence running. We disagree. The notice contained all of the required information, including a provision that a proceeding to challenge the sale had to be commenced within 10 days. Further, any subsequent oral agreement to change the date of the sale had no effect on the running of the 10-day period of limitations. Thus, Special Term properly dismissed the proceeding as untimely.

As a final note, any argument that the sale itself was conducted in violation of the provisions of the Lien Law or the judgment of Special Term is not before us on this appeal. The ultimate disposition of the proceeds of the sale must await further action of the parties.

Motion to dismiss appeal as moot denied, without costs.

Cross motion to hold respondent in contempt of court denied, without costs.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.