*1084 OPINION OF THE COURT
John J. Dunn, J.
This is a special proceeding pursuant to Lien Law § 201-a to determine the validity of a lien held by the respondent, Chase Collision, Inc., on a certain vehicle. A hearing having been conducted and briefs submitted, and due deliberation having been held, it is the decision of this court that the lien be canceled and respondent directed to return possession of the vehicle to petitioner.
On April 4, 1986, Dolores Glover (car owner), who has failed to make an appearance in this proceeding, entered into a retail installment contract with the petitioner, General Motors Acceptance Corporation, to finance the purchase of a new 1986 Oldsmobile Calais, (VD # 1GNT27U7GM35973), from a local automobile dealership. The petitioner retained a security interest in the vehicle for the purpose of securing payment under the contract. The security interest was duly perfected.
It appears that the vehicle was subsequently involved in an accident and brought to the respondent’s repair shop. A notice of lien and sale was served upon the petitioner and owner of the vehicle by respondent, Chase Collision, Inc. (garageman), to foreclose its lien for alleged repairs, services, and storage fees on this vehicle.
Petitioner commenced this special proceeding to challenge the validity of the lien. A temporary restraining order was granted to the petitioner on November 10, 1987 enjoining the public sale of this vehicle by the garageman. By order dated February 22, 1988, this court directed that the restraining order be continued until the final determination of this proceeding. The court also directed that a hearing be held on March 15, 1988, pursuant to Lien Law § 201-a, for the purpose of determining the validity of the garageman’s lien which hearing was subsequently conducted.
At that hearing, petitioner requested the cancellation of the garageman’s lien on the basis that the garageman failed to prove that it is a registered repair shop entitled to such liens; that there was no consent or authorization by the owner for any repairs on the vehicle nor any price agreed upon by the parties for any repairs and that the garageman failed to establish that it actually performed any repairs on the vehicle.
In support of its lien, the garageman contends that the repairs were authorized and consented to by the owner, and *1085 thus, the agreement be enforced. If denied, on this premise, it seeks to be paid on the basis of quantum meruit for labor and materials furnished in the repair of the automobile.
Lien Law § 184 provides that a garageman who tows, stores, repairs, maintains, or otherwise furnishes services or supplies to a motor vehicle at the request, or with the consent of the owner, has a lien upon such vehicle to the extent of the sum due and owing for those services provided. The garageman may detain the vehicle until such sum is paid and, if not paid, may secure his payment by the sale of the vehicle. (Lien Law § 201, et seq.)
To sustain a claim that the garageman has a lien for repairs or storage, he must prove that he performed the work under an express or implied agreement with the owner of the vehicle and that the vehicle was repaired or stored at the owner’s request, with his authorization and his consent. (Lien Law § 184 [1].) It is not sufficient for the garageman merely to show that the repairs were made or that the storage took place with the owner’s knowledge in or for a garageman to be entitled to a lien. (Lloyd v Kilpatrick, 71 Misc 19.)
Lien Law § 184 (4) specifically limits the benefits of the application of this lien to a motor vehicle repair shop registered in compliance with article 12-A of the Vehicle and Traffic Law.
In excluding unregistered repair shops from the application of their liens, the Legislature enunciated the following rationale: "The state has a strong public policy of requiring repair shops to be registered. When a repair shop flouts the Motor Vehicle Repair Shop Registration Act [Vehicle and Traffic Law § 398 et seq.] by failing to register, or by operating while its registration is suspended or revoked, or by operating with an expired registration, it should not be allowed to benefit from other provisions of law. Such an unregistered repair shop should be denied the benefits granted legitimate businesses by Lien Law Section 184.” (Mem of NY State Dept of Motor Vehicles, 1985 McKinney’s Session Laws of NY, at 2976.)
Here the garageman has failed to provide evidence that it operated a registered repair shop and thus is not entitled to establish or sustain a lien under our Lien Law.
The garageman also failed to comply with the requirement of Lien Law § 184 which mandates that the garageman establish that the car owner gave her consent or authority to proceed with any repairs. The only evidence submitted by the *1086 garageman, as proof of the owner’s consent and authorization, is the garageman’s preprinted form entitled "Authorization to Repair” purportedly signed by the car owner. An examination of the contents of this document reveals that it contains a printed provision stating "I authorize the repair of the vehicle indicated above, at a price as agreed to above.”
However, the document also contains a space denominated "cost of repairs.” This space is conspicuously blank. In fact, the entire form is devoid of any mention of the price allegedly agreed upon by the car owner and the garageman for the repairs of this vehicle. In addition, highlighted and printed in bold letters at the bottom of this form is the statement "all OF THE ABOVE ENTRIES MUST BE MADE AT THE TIME OF PREPARATION.”
The court finds that the garageman’s failure to insert the cost of repairs constitutes a failure to fulfill a contractual condition precedent to the formation of a binding contract. Although the car owner executed the authorization to repair form, which instrument was prepared by the garageman, this agreement was incomplete as to one essential and material term, i.e., the agreed-upon cost of repairs. The cost of repairs is such an essential element that the absence of this term renders the contract incomplete and not a binding contract. (Campbell v WABC Towing Corp., 78 Misc 2d 671.)
Respondent is not entitled to payment for work done on the theory of quantum meruit because he has failed to establish the actual repair work, if any, performed on the owner’s car (Vehicle and Traffic Law § 398-d [1]). Furthermore, the Motor Vehicle Repair Shop Registration Act requires that all work done by a motor vehicle repair shop be recorded on an invoice describing all service work done and parts supplied. The invoice must clearly state whether the parts supplied were original equipment, nonoriginal equipment, or used replacement parts. The statute further requires that one copy of the invoice be given to the customer and one copy retained by the repair shop.
Here, the garageman failed to produce an invoice which complies with the statute. In fact, the garageman failed to produce any records of repair work performed on this vehicle. The sole evidence submitted by the garageman, as part of its claim, is a copy of the estimate purportedly prepared by the car owner’s insurance company. This document only demonstrated the estimated cost of the proposed repairs to be *1087 performed on the vehicle and the amount the insurer would pay for such repairs if they were obligated by the insured’s automobile policy to provide such payment. The estimate submitted is insufficient to establish the garageman’s claim for recovery in quantum meruit. The estimate merely reflects anticipated costs of repair and is insufficient to warrant or substantiate the true cost of repairs. The actual work performed and cost of labor, coupled with the material or replacement parts, is omitted and, thus, fatal to the repair shop’s claim.
The repair shop, without confirming the existence of collision insurance, proceeded to repair the auto, although it was later determined no insurance, in fact, existed to cover such collision damage and repairs. When the shop elected to perform the work without notice to the owner, and confirmation of coverage with the insurance carrier, it acted at its own peril and cannot now be awarded money for its error or oversight by seeking to sell an automobile that was repaired in violation of our New York statutes.
In sum, based on the credible evidence, including the testimony, exhibits, and memorandum submitted to this court, the garageman has failed to establish the validity of its lien. In addition, the failure to establish its repair shop (Vehicle and Traffic Law § 398-d) precludes respondent from establishing a lien, pursuant to Lien Law § 184. The failure to show the consent of, and the authorization by the owner for repair of this vehicle, and the parties’ agreement as to the price of the repairs is also fatal to its claim. The court notes that even if the garageman had established its shop as a registered repair shop, and obtained consent or authorization to repair this vehicle from the owner, his failure to establish the extent of the repairs actually performed not only renders its lien unenforceable, but does not establish his right to payment under the theory of quantum meruit.
Accordingly, the lien must be canceled and the vehicle released to petitioner’s possession.
Settle judgment accordingly.