■ In the Matter of JOHN C. HALL, JR., Appellant-Respondent, v JAMES BARNES, Doing Business as JAY STREET AUTOBODY, Respondent-Appellant. [639 NYS2d 151] —Mikoll, J. P.

This appeal is from a special hearing and determination on a petition challenging the validity of a garageman's lien sought to be enforced by respondent pursuant to Lien Law § 201-a. Supreme Court found that respondent proved entitlement to a lien in the amount of $2,060 for painting and restoring petitioner's car and permitted the retention of petitioner's vehicle pending payment of that amount with storage fees to ac-

crue at $20 per day in the event the vehicle is not redeemed within 10 days of service of the court's order. Petitioner appeals and respondent cross-appeals.

The issues before us are twofold: whether a garageman's lien was established and, in the alternative, whether respondent is entitled to an award on the basis of quantum meruit for work done on petitioner's car and, if so, in what amount. The matter stems from petitioner agreeing to have his 1971 Chevrolet Impala painted by respondent. The terms of the agreement are mired in controversy.

Petitioner contends that respondent failed to provide evidence that he is a registered repair shop and thus not entitled to a lien pursuant to Lien Law § 184 (4). Lien Law § 184 (4) specifically limits the benefits of the application of the garageman's lien to a motor vehicle repair shop registered in compliance with Vehicle and Traffic Law article 12-A (see, Mem of State Dept of Motor Vehicles, 1985 McKinney's Session Laws of NY, at 2976). There is no proof in the record that respondent is a registered motor vehicle shop. Supreme Court's reliance on the presentation by respondent, in an ex parte appearance before the court, of respondent's business card reflecting a registration number as proof of registration is totally inadequate to sustain respondent's burden of proof of registration.

Further, respondent failed to otherwise comply with Lien Law § 184 (1), which mandates that it establish that the car owner gave consent or authority to proceed with the repair at an agreed price. Respondent does not deny that the written "estimate" given to petitioner and signed by petitioner failed to contain an agreement as to the cost of the job. The only entry on the "estimate" presented to petitioner was a notation that the labor charge would be $38 per hour. Despite the fact that respondent thoroughly inspected the car, and by his own admission noted that rusting around the fenders and other body work was required to prepare the car for painting, he failed to give an estimate of work hours involved. Thus, there was no agreement as to the cost of repairs, a condition precedent to a binding contract (see, General Motors Acceptance Corp. v Chase Collision, 140 Misc 2d 1083, 1086).

The final point to be addressed is whether respondent proved a cause of action based on quantum meruit. Supreme Court noted that there was a sharp dispute as to the value of the work done. Petitioner contended that it was to be in the $1,700 range, representing a bartered agreement to offset the cost of painting the car by the debt respondent owed the plumbing business run by plaintiff's family. Respondent denied any such

agreement and contends that $8,300 is owed for 150 to 170 hours of labor required to restore and paint the car.

Supreme Court aptly noted that the terms of the agreement are hazy, but concluded that petitioner ordered the car painted, that respondent did the job and that petitioner owes him for 120 hours of work at $38 per hour, totaling, $4,560, minus $2,500 paid on account with $2,060 still owing.

When, as here, a nonjury proceeding is held, our review is not limited to determining whether the verdict is against the weight of the credible evidence, but can extend to a review of the record as a whole and this Court may grant the judgment warranted by the record (see, Osland v Supnick, 202 AD2d 712, lv denied 83 NY2d 758). We find respondent's estimation of work greatly exaggerated. Petitioner paid $4,500 for this vehicle which was over 20 years old with over 100,000 miles on it. While he considered it a desirable vehicle to add to his car collection, it is neither a unique nor exotic vehicle. We conclude that the work involved in preparing the car for painting and the actual painting is 100 hours. The total cost, therefore, was $3,800 based on a rate of $38 per hour. Petitioner has thus far paid $2,500 on account. The record also reflects that respondent admitted that the car still needs a day's work for completion, that is, eight hours at $38 per hour, to remove a popping phenomenon on the paint's surface and some scratches. This represents $304 of undone labor. We hold, therefore, that the bill should be reduced by this sum and that respondent is due $996.

Crew III, White, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law and the facts, with costs to plaintiff, by reversing so much thereof as granted respondent a garageman's lien on the vehicle in question; judgment awarded to respondent in the amount of $996; and, as so modified, affirmed.