■ ROBERTO MERCADO, Plaintiff, v 1710 REALTY ASSOCIATES, Defendant and Third-Party Plaintiff-Respondent. DALMAR MEAT, INC., Third-Party Defendant-Appellant. [733 NYS2d 715] —In an action to recover damages for personal injuries, the third-party defendant appeals from so much of an order of the Supreme Court, Kings County (Barron, J.), dated June 13, 2000, as granted that branch of the motion of the third-party plaintiff which was for summary judgment on its cause of action to recover damages for breach of contract for failure to procure liability insurance and directed that it shall be liable for all damages resulting from its failure to procure liability insurance, including full liability to the plaintiff should he succeed in the action.

Ordered that the order is modified by deleting the provision thereof directing that the third-party defendant shall be liable for all damages resulting from its failure to procure liability insurance, including full liability to the plaintiff should he succeed in this action, and substituting therefor a provision directing that the third-party defendant shall be liable for all out-of-pocket expenses incurred by the third-party plaintiff as a result of the third-party defendant's failure to procure insurance; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The third-party defendant tenant contends that recovery by the third-party plaintiff landlord on its cause of action based on the tenant's failure to procure liability insurance for the landlord's benefit, as required by the parties' lease, is limited to the cost of the premiums paid by the landlord for its own liability insurance policy and any other out-of-pocket expenses,

and should not include the landlord's ultimate liability to the plaintiff (*see, Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111). The tenant failed to raise this issue in the Supreme Court. While ordinarily we would not consider such an issue raised for the first time on appeal (*see, Gross v Aetna Cas. & Sur. Co.*, 240 AD2d 468), we do so in this case because the landlord concedes that it procured its own liability insurance and, consequently, if the issue had been raised in Supreme Court, it could not have submitted proof to refute the tenant's contention (*see, Libeson v Copy Realty Corp.*, 167 AD2d 376). Since the landlord procured its own liability insurance, damages are limited to its out-of-pocket expenses, including the premiums and any additional costs it may incur such as deductibles, co-payments, and increased future premiums (*see, Inchaustegui v 666 5th Ave. Ltd. Partnership, supra*). While the landlord contends that it only has coverage in the amount of $1,000,000 and the plaintiff's demand exceeds $2,000,000, we note that the lease only required the tenant to obtain coverage in the amount of $1,000,000.

The tenant's remaining contention is without merit. O'Brien, J. P., Altman, Goldstein and H. Miller, JJ., concur.