■ BERNADETTE DEFALCO et al., Respondents, v ROGER J. PARKER et al., Defendants, THRIFTY PAPER CO., INC., Respondent, and E.E. CRUZ & COMPANY, INC., Appellant. (And Third-Party Actions.) [738 NYS2d 589] —In an action to recover damages for personal injuries, etc., the defendant E.E. Cruz & Company, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), entered March 15, 2001, as, upon granting renewal, adhered to its original determination in an order dated December 22, 1998, denying its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the plaintiffs-respondents.

The Supreme Court erred in relying upon the legal opinions contained in the affidavit of the plaintiffs' expert as to the meaning of the subject contract and the legal obligations of the parties under the contract (*see, Marx & Co. v Diners' Club*, 550 F2d 505, 508-510, *cert denied* 434 US 861; *Colon v Rent-A-Ctr.*, 276 AD2d 58, 61). Nevertheless, the Supreme Court correctly adhered to its original determination denying the appellant's motion for summary judgment, since a triable issue of fact exists even without the affidavit of the plaintiffs' expert (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Reiner v Wenig*, 269 AD2d 379; *cf., W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163). For example, the appellant did not establish as a matter of law that it owed no duty to the injured plaintiff. If the contract is interpreted as the plaintiffs urge, or if the appellant negligently caused the leak in question, the record does not conclusively foreclose the plaintiffs' recovery against the appellant.

The appellant's remaining contentions are without merit. S. Miller, J.P., Luciano, Schmidt and Crane, JJ., concur.