■ ALEKSANDR LERER, Respondent, v CITY OF NEW YORK et al., Respondents, and OUTDOOR SYSTEMS, INC., Appellant. [756 NYS2d 217] —In an action to recover damages for personal injuries, the defendant Outdoor Systems, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated October 22, 2001, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, or, alternatively, for summary judgment on its cross claims against the defendant Shelter Express Corp. to defend and indemnify it and to recover damages for breach of contract for failure to procure liability insurance.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was for summary judgment on its cross claim against the defendant Shelter Express Corp. to recover damages for breach of contract for failure to procure liability insurance, and substituting therefor a provision granting that branch of the cross motion only to the extent that the appellant is awarded summary judgment to recover out-of-pocket expenses incurred as a result of the breach, and otherwise denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was injured when he tripped and fell on a sidewalk while walking past a bus shelter. The defendant Outdoor Systems, Inc. (hereinafter Outdoor), operating under a franchise agreement between its predecessor-in-interest and the City of New York, entered into a contract with the defendant Shelter Express Corp. (hereinafter Express). Express was to maintain and repair the bus shelter and the sidewalk around the shelter. The plaintiff subsequently commenced this action, and Outdoor cross-moved for summary judgment dismissing the complaint insofar as asserted against it, or, alternatively, for summary judgment, on its cross claims asserted against

Express. The Supreme Court, inter alia, denied the cross motion. On the appeal by Outdoor, we modify.

" 'While the meaning of a contract is ordinarily a question of law, when a term or clause is ambiguous and the determination of the parties' intent depends upon the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence, then the issue is one of fact' (*Amusement Bus. Underwriters v American Intl. Group,* 66 NY2d 878, 880)" (*Reiner v Wenig,* 269 AD2d 379; *see Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169; *Yanuck v Paston & Sons Agency,* 209 AD2d 207). The provision of the maintenance contract which relates to the scope of Express's duty to maintain the sidewalk is ambiguous and subject to different interpretations (*see Reiner v Wenig, supra; Brook Shopping Ctrs. v Allied Stores Gen. Real Estate Co.,* 165 AD2d 854; *Yogurts Intl. v Grand Union Co.,* 92 AD2d 936). Therefore, a triable issue of fact exists concerning whether, inter alia, Express had a contractual duty to maintain and repair the area on the sidewalk where the plaintiff's accident occurred. Any possible liability of Outdoor to the plaintiff would first require a finding that such a duty existed (*see DeFalco v Parker,* 292 AD2d 335). Similarly, an issue of fact exists with respect to Outdoor's cross claim that Express had a contractual duty to defend the action, precluding summary judgment (*see Bermudez v New York City Hous. Auth.,* 199 AD2d 356; *see also Cannavale v County of Westchester,* 158 AD2d 645).

The Supreme Court erred in denying that branch of Outdoor's cross motion which was for summary judgment on its cross claim against Express alleging breach of contract. Outdoor made a prima facie showing that Express failed to procure the requisite liability insurance (*see Keelan v Sivan,* 234 AD2d 516; *DiMuro v Town of Babylon,* 210 AD2d 373). The certificate of insurance submitted by Express in opposition to the cross motion stated that it was "issued as a matter of information only and confers no rights on the * * * holder." The certificate was insufficient, by itself, to show that Express procured the required insurance (*see Kennelty v Darlind Constr.,* 260 AD2d 443; *Penske Truck Leasing Co. v Home Ins. Co.,* 251 AD2d 478; *American Ref-Fuel Co. of Hempstead v Resource Recycling,* 248 AD2d 420; *McGill v Polytechnic Univ.,* 235 AD2d 400). Accordingly, Outdoor is entitled to recover from Express all out-of-pocket expenses resulting from the breach (*see Inchaustegui v 666 5th Ave. Ltd. Partnership,* 96 NY2d 111; *Mercado v 1710 Realty Assoc.,* 289 AD2d 207).

Outdoor's contention that the defect on which the plaintiff tripped was trivial is unpreserved for appellate review.

We note that Express failed to appeal from so much of the order as denied its motion for summary judgment dismissing the complaint and all cross claims asserted against it. Therefore, its argument that the Supreme Court erred in denying the motion is not properly before us (*see Lakeville Pace Mech. v Elmar Realty Corp.,* 276 AD2d 673). Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.