■ DANITA V. CADE, Appellant, v NEW YORK COMMUNITY BANK et al., Respondents. [795 NYS2d 270]—

In an action, inter alia, for a judgment declaring that the plaintiff did not default in her obligations under a loan note, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated November 20, 2003, which

granted the motion of the defendants Winston Apartment Corp. and Goldstein & Greenlaw, LLP, to vacate an order of the same court dated August 8, 2003, conditionally granting her motion to preliminarily enjoin the defendant New York Community Bank from proceeding with its nonjudicial foreclosure sale of her shares of stock allocated to an apartment within the complex of the defendant Winston Apartment Corp. and denied her cross motion, among other things, for summary judgment against the defendant New York Community Bank.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff owns shares of stock in the defendant Winston Apartment Corp. (hereinafter Winston), a residential cooperative corporation, which are allocated to an apartment within Winston's complex. The plaintiff borrowed money from the defendant Columbia Federal Savings Bank (hereinafter Columbia) to make the purchase. On August 21, 2002, the plaintiff commenced this action against the defendants, inter alia, for a judgment declaring that she did not default in her obligations under a loan note with Columbia, that she is not in default of her obligations under a proprietary lease with Winston, and that she is entitled to various damages due to the conduct of the defendants.

By order dated August 8, 2003, the Supreme Court granted the plaintiff's motion to preliminarily enjoin New York Community Bank (hereinafter NYCB), Columbia's successor in interest, from proceeding with its nonjudicial foreclosure sale of her shares of stock allocated to an apartment within Winston's complex, on condition that the plaintiff reimburse NYCB the sum of $6,852.22 paid by it to Winston for various charges, pay Winston outstanding maintenance charges from July 2002 to the present except those amounts representing claimed attorney's fees, make all future maintenance payments as they become due during the pendency of this action, and file an undertaking in the sum of $10,000 as approved by the court. On October 10, 2003, Winston and its attorney, the defendant Goldstein & Greenlaw, LLP (hereinafter Goldstein), moved pursuant to CPLR 6314 to vacate the order dated August 8, 2003, on the ground that the plaintiff failed to submit any of the required payments to Winston. On October 27, 2003, the plaintiff cross-moved, inter alia, for summary judgment against NYCB on her cause of action for a declaration that she did not default in her obligations under the loan, and to permanently enjoin NYCB from proceeding with its nonjudicial foreclosure

sale of her shares of stock in Winston. By order dated November 20, 2003, the Supreme Court granted the motion of Winston and Goldstein to vacate the order dated August 8, 2003, and denied the plaintiff's cross motion. The Supreme Court found that the plaintiff did not adhere to the final three conditions for granting her motion for a preliminary injunction.

The plaintiff failed to demonstrate that the Supreme Court improvidently exercised its discretion in vacating the order granting the preliminary injunction (*see Town of Stanford v Donnelly*, 131 AD2d 465 [1987]). Upon the motion of a party, a court has the power to vacate an order which granted a preliminary injunction for failure to post an undertaking within a reasonable period of time (*see Matter of Nachman v Crawford*, 114 AD2d 672 [1985]; *Power Test Petroleum Distribs. v Baker-Tripi Realty Corp.*, 126 Misc 2d 228 [1984]; *see also Olechna v Town of Smithtown*, 51 AD2d 1036 [1976]). Approximately two months after the court signed the order granting the plaintiff's motion for a preliminary injunction, Winston and Goldstein moved pursuant to CPLR 6314 to vacate the order. The Supreme Court properly vacated the order based on, inter alia, the plaintiff's failure to post the court-ordered undertaking as directed (*see Metropolis Seaport Assoc. v South St. Seaport Corp.*, 253 AD2d 663, 664 [1998]; *Matter of Nachman v Crawford, supra*).

The plaintiff's contention that the conduct of Winston and Goldstein was frivolous (*see* 22 NYCRR 130-1.1) is without merit.

The plaintiff's remaining contentions are without merit (*see DiMarzo v Fast Trak Structures*, 298 AD2d 909 [2002]; *Itamari v Dime Sav. Bank of N.Y.*, 296 AD2d 381 [2002]; *Mercado v 1710 Realty Assoc.*, 289 AD2d 207 [2001]). Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.