■ In the Matter of TOYOTA MOTOR CREDIT CORPORATION, Respondent, v IMPRESSIVE AUTO CENTER, INC., Appellant, et al., Respondent. [915 NYS2d 657]—

Garry, J. Appeal from an order of the Supreme Court (Egan, Jr., J.), entered December 16, 2009 in Albany County, which, in

a proceeding pursuant to Lien Law § 201-a, among other things, denied a cross motion by respondent Impressive Auto Center, Inc. to vacate a default judgment entered against it.

In November 2008, respondent Impressive Auto Center, Inc. (hereinafter respondent), a registered motor vehicle repair shop in Queens, performed repair work on a vehicle. Upon the owner's failure to pay for these services and the vehicle's subsequent storage, respondent hired Rapid Liens, Inc. to prepare and serve a garagekeeper's lien. Petitioner, a foreign corporation authorized to do business in New York, holds a duly perfected first priority purchase money lien in the vehicle. On January 7, 2009, petitioner was served by certified mail with a notice of lien and sale advising that the vehicle would be sold at public auction if not redeemed before January 20, 2009. The vehicle was sold in February 2009, and a new title was issued.

In March 2009, petitioner commenced this special proceeding seeking, among other things, a declaration that the garagekeeper's lien was null and void. Respondent did not appear, and Supreme Court issued a default judgment in petitioner's favor. Petitioner then moved to convert the proceeding into an action for conversion and for summary judgment on the issue of liability. Respondent opposed the motion and cross-moved to vacate the default judgment and to dismiss the special proceeding. The court denied respondent's cross motion, declined to address its motion to dismiss the proceeding, converted the proceeding into an action for conversion, and granted summary judgment to petitioner on the issue of liability. Respondent appeals, contending that Supreme Court erred in denying its motion to vacate the default judgment.

Whether vacatur should be granted "is addressed to the sound discretion of the court" (*F & K Supply, Inc. v Shean*, 56 AD3d 1076, 1077 [2008]). An applicant for such relief is required to "show a reasonable excuse for the default and the existence of a meritorious defense" (*Abel v Estate of Collins*, 73 AD3d 1423, 1424 [2010]; *see* CPLR 5015 [a] [1]). Supreme Court denied the cross motion on the ground that respondent did not show the existence of a meritorious defense, as it failed to establish a valid garagekeeper's lien on the vehicle pursuant to Lien Law § 184. To sustain such a claim, respondent was required to show that it was duly registered, that it was the bailee of the vehicle in question, that the owner had consented to the services and storage furnished by respondent, and that "there was an agreed-upon price or, if no agreement on price had been reached, the charges are reasonable for the services supplied" (*Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor*

*Car Co.*, 85 NY2d 725, 730 [1995]). Petitioner concedes that respondent was duly registered and a bailee. Respondent sought to demonstrate the remaining elements by submitting a writing, dated November 20, 2008 and apparently signed by the vehicle owner, purportedly authorizing respondent to complete "all repairs" on the vehicle for "the agreed price negotiated upon signing this contract." The court found this document insufficient as it failed to specify the cost or the nature of the repairs to be completed.

We find the standard of proof thus imposed unduly stringent within the context of the underlying application. "[T]he quantum of proof needed to prevail on a CPLR 5015 (a) (1) motion is less than that required when opposing a summary judgment motion" (*Abel v Estate of Collins*, 73 AD3d at 1425). At this stage, respondent was not required to prove its defense in full, but merely to set forth sufficient facts to demonstrate, on a prima facie basis, that a defense existed (*see Dodge v Commander*, 18 AD3d 943, 945-946 [2005]; *Bergen v 791 Park Ave. Corp.*, 162 AD2d 330, 331 [1990]). Respondent's writing included no specific figures, but it did state that an agreement had been reached.[1] Respondent supplemented this document with invoices detailing the costs of materials, labor and storage, and an employee's affidavit averring that the owner agreed to the amounts stated in the notice of lien and that these amounts constituted the fair and reasonable price of the services and materials provided. This was sufficient to establish respondent's prima facie claim (*see Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co.*, 85 NY2d at 730) and, thus, demonstrate the existence of a meritorious defense.[2]

We further find merit in respondent's contention that petitioner's failure to commence the special proceeding within

---

1. Contrary to petitioner's claim, our prior decision in *Matter of Hall v Barnes* (225 AD2d 837 [1996]) does not indicate that a statement of the amount of the agreed-upon cost of repairs is a prerequisite to the validity of a lien. The estimate at issue in *Matter of Hall* failed to reveal that the vehicle owner had agreed to *any* amount of repair costs (*id.* at 838); notably, "an estimate of repairs does not create a lien" (*Grant St. Constr., Inc. v Cortland Paving Co., Inc.*, 55 AD3d 1106, 1107 [2008]; *compare General Motors Acceptance Corp. v Chase Collision*, 140 Misc 2d 1083, 1085-1087 [1988]). Further, *Matter of Hall* involved a final determination of a lien's validity rather than the threshold question of whether a prima facie showing had been made (*Matter of Hall v Barnes*, 225 AD2d at 837-839).

2. We find no merit in petitioner's claim that the lien is invalid because of respondent's alleged failure to comply with certain regulations affecting motor vehicle repair shops (*see* Vehicle and Traffic Law § 398-d; 15 NYCRR 82.5). Nothing in Lien Law § 184 or the associated case law mandates compliance with these provisions as a prerequisite for a valid garagekeeper's lien.

10 days after service of the notice of lien gives rise to a meritorious defense (see Lien Law § 201-a; *Matter of Nachman v Crawford*, 114 AD2d 672, 673-674 [1985]). Supreme Court found the statutory 10-day limitations period inapplicable because the notice of lien and sale was mailed by Rapid Liens, rather than by respondent itself, resulting, in the court's view, in defective service. However, Lien Law § 201 does not prohibit a lienor from using an agent to serve a notice of lien and sale. Moreover, petitioner acknowledges that it received the notice in a timely fashion and makes no claim that respondent's use of an agent interfered with petitioner's understanding of the nature of the mailing or otherwise caused its delay in commencing the proceeding (compare *Parker v P & N Recovery of N.Y.*, 182 Misc 2d 342, 345 [1999]; *Hsu v Emerson Collision*, 126 Misc 2d 385, 387-388 [1984]).[3] Thus, respondent may have a meritorious defense as to that portion of the petition commenced pursuant to Lien Law § 201-a.

Having determined that respondent has shown the existence of meritorious defenses, we further conclude that it had a reasonable excuse for its default (see CPLR 5015 [a] [1]). Respondent proffered the affidavit of an employee who acknowledged receiving the papers by which the proceeding was commenced, but stated that he did not understand their significance. He alleged that he contacted the office of petitioner's counsel and was advised that, since the vehicle had already been sold, no response was necessary. Relying on this representation, the employee did not advise respondent's owner of the action.[4] Petitioner submitted no evidence to refute these assertions. These submissions adequately demonstrate that respondent's failure to appear did not reflect willfulness or an intent to ignore the action (see *Abel v Estate of Collins*, 73 AD3d at 1424-1425). Further, there is no indication that any prejudice inured to petitioner as a result of respondent's relatively brief delay (see *Acker v VanEpps*, 45 AD3d 1104, 1106 [2007]). Mindful of " 'the strong public policy in favor of resolving cases on the merits' " (*Rickert v Chestara*, 56 AD3d 941, 942 [2008], quoting *Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 877 [2005]), we therefore find that respondent's cross motion to vacate the default should

3. Contrary to petitioner's claim, service by certified mail did not violate Lien Law § 201, which requires personal service only when the entity being served "can be found where such lien arose."

4. Respondent's claim that the employee was not its agent for service of process was not raised in its cross motion and, as such, was not preserved for our review (see e.g. *Matter of Terminix Intl. Co. v Assistant Commr. for Hearings & Mediation Servs. for N.Y. State Dept. of Envtl. Conservation*, 301 AD2d 810, 812 [2003]).

have been granted. Vacatur of the default judgment also requires reversal of the other relief granted by Supreme Court, which depended on the determination that the lien was invalid. Accordingly, we deny petitioner's motions to convert the proceeding to an action for conversion and for partial summary judgment as to liability, without prejudice to renew. On remittal, Supreme Court is directed to consider respondent's previously-unaddressed cross motion to dismiss the special proceeding.

Cardona, P.J., Mercure, Malone Jr. and Stein, JJ., concur. Ordered that the order is reversed, on the law, with costs, cross motion granted, default judgment vacated, motions to convert proceeding to an action for conversion and for partial summary judgment denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.