Matter of Santander Consumer Usa, Inc. v A-1 Towing Inc. (2018 NY Slip Op 05394)





Matter of Santander Consumer Usa, Inc. v A-1 Towing Inc.


2018 NY Slip Op 05394


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

526015

[*1]In the Matter of SANTANDER CONSUMER USA, INC., Respondent,
v
A-1 TOWING INC., Appellant, et al., Respondent.

Calendar Date: June 1, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Peter B. O'Connell, Albany, for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from a judgment of the Supreme Court (McNally Jr., J.), entered February 23, 2017 in Albany County, which, among other things, granted petitioner's application, in a proceeding pursuant to Lien Law § 201-a, to declare a garagekeeper's lien null and void.
In June 2016, respondent A-1 Towing Inc. (hereinafter respondent) towed a 2010 BMW to respondent's garage for repair. Petitioner had a first priority perfected security interest in the vehicle, which was owned by James Hogan. When respondent informed Hogan that the necessary repairs would cost approximately $1,500, he authorized the repairs. A few
days later, he requested that all repair work cease. More than a week later, Hogan went to the garage to retrieve his belongings from the vehicle and informed respondent that he was surrendering the vehicle to petitioner, which he said would be responsible for paying any charges owed. Respondent had Hogan sign, among other things, a "repair bill" that, according to respondent, outlined the agreed-upon charges for repairs and storage. When petitioner could not settle the claim and obtain possession of the vehicle, petitioner commenced this special proceeding seeking, among other things, an order declaring respondent's garagekeeper's lien void. Respondent answered, seeking a judgment of $4,225 on its lien. Supreme Court concluded that respondent failed to establish the requisite elements for a garagekeeper's lien and, accordingly, declared the lien asserted by respondent void. Respondent appeals.
Supreme Court properly determined that respondent failed to establish the existence of a garagekeeper's lien on the vehicle. To assert a valid lien on a motor vehicle for the cost of towing, repairing or storing that vehicle, a garagekeeper must establish that "(1) the garage is the bailee of a motor vehicle; (2) it has performed garage services or stored the vehicle with the vehicle owner's consent; (3) there was an agreed-upon price or, if no agreement on price had been reached, the charges are reasonable for the services supplied; and (4) the garage is a duly registered motor vehicle repair shop as required under article 12-A of the Vehicle and Traffic Law" (Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co., 85 NY2d 725, 730 [1995] [internal citations omitted]; see Lien Law § 184 [1], [4]; Matter of Daimler Trust & Daimler Tit. Co. v SG Autobody LLC, 112 AD3d 1123, 1124 [2013]). The requirements of Lien Law § 184 must be strictly construed, as the statute is in derogation of the common law (see Matter of Ally Fin. Inc. v Oakes Towing Serv., Inc., 130 AD3d 1355, 1356 [2015]; Grant St. Constr., Inc. v Cortland Paving Co., Inc., 55 AD3d 1106, 1107 [2008]; Phillips v Catania, 155 AD2d 866, 866 [1989]). Where the papers and pleadings in a special proceeding pursuant to Lien Law § 201-a fail to raise a material issue of fact regarding the existence of a valid lien, a court is authorized to make a summary determination (see CPLR 409 [b]; Matter of Jones v Marcy, 135 AD2d 887, 888 [1987]).
Regardless of whether the record includes proof of the other requirements under Lien Law § 184, respondent did not establish that it was a registered motor vehicle repair shop. The only evidence respondent offered in this regard is the conclusory statement by its operations manager that the garage is a registered repair shop, along with an address for the garage and a repair shop number. Although an online search reveals that the garage is presently licensed under the provided repair shop number (see Department of Motor Vehicles, DMV-Regulated Facilities, https://process.dmv.ny.gov/FacilityLookup/vsiqSearch
FacNumResults.cfm?fac_num=7058590 [accessed June 6, 2018]),[FN1] respondent has provided no record evidence, or even made any explicit assertion, that the garage was so registered in June 2016 (see General Motors Acceptance Corp. v Chase Collision, 140 Misc 2d 1083, 1085 [Sup Ct, Suffolk County 1988]; see also Matter of Hall v Barnes, 225 AD2d 837, 838 [1996]). Inasmuch as respondent did not establish one of the requirements for a garagekeeper's lien, Supreme Court properly declared the lien void (see Matter of Daimler Trust & Daimler Tit. Co. v SG Autobody LLC, 112 AD3d at 1124-1125).
Lynch, Devine, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, with costs.



Footnotes

Footnote 1: In any event, the garage owner has the burden of submitting proof in evidentiary form to support each requirement for a garagekeeper's lien; courts are not required to look outside the record and search online databases to determine whether lien requirements have been met.