Matter of Santander Consumer Usa, Inc. v Kobi Auto Collision & Paint Ctr., Inc. (2018 NY Slip Op 08000)





Matter of Santander Consumer Usa, Inc. v Kobi Auto Collision & Paint Ctr., Inc.


2018 NY Slip Op 08000


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

526426

[*1]In the Matter of SANTANDER CONSUMER USA, INC., Respondent,
v
KOBI AUTO COLLISION & PAINT CENTER, INC., Appellant, et al., Respondent.

Calendar Date: October 9, 2018

Before: McCarthy, J.P., Devine, Mulvey, Rumsey and

 Pritzker, JJ.

Elana Sharara, Great Neck, for appellant.
Law Office of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (Weinstein, J.), entered June 2, 2017 in Albany County, which, in a proceeding pursuant to Lien Law § 201-a, denied a motion by respondent Kobi Auto Collision & Paint Center, Inc. to vacate a default judgment entered against it.
In July 2016, A & E Liens Inc., on behalf of respondent Kobi Auto Collision & Paint Center, Inc. (hereinafter respondent), filed a garagekeeper's lien against a vehicle in which petitioner holds a perfected priority lien. In October 2016, notice of the lien and sale was served on petitioner by certified mail. In November 2016, petitioner commenced this proceeding against, among others, respondent, seeking, among other things, a declaration that the garagekeeper's lien is void and, upon petitioner filing an undertaking, the vehicle was released to petitioner. Respondent failed to respond to the petition, and Supreme Court issued a default judgment awarding petitioner the relief sought, and released the bond. Respondent moved to vacate the default, which would set aside the order directing the release of the vehicle and keep [*2]the lien in effect. Supreme Court denied respondent's motion. Respondent appeals, and we reverse.
Initially, we do not agree with petitioner that this appeal is moot because respondent is no longer in possession of the vehicle as issues exist beyond possession of the vehicle that effect the rights of the parties (see Matter of Nachman v Crawford, 114 AD2d 672, 673 [1985]; see generally Matter of Utica Mut. Ins. Co. [Selective Ins. Co. of Am.], 27 AD3d 990, 992 [2006]). Turning to the merits, a party seeking to vacate a default judgment must show a reasonable excuse for the default and the existence of a meritorious defense to the action (see CPLR 5015 [a] [1]; Matter of Toyota Motor Credit Corp. v Impressive Auto Ctr., Inc., 80 AD3d 861, 862 [2011]; Abel v Estate of Collins, 73 AD3d 1423, 1424 [2010]). Whether there is a reasonable excuse for default is a discretionary determination and turns on a number of factors, including whether there has been willful neglect and prejudice to the opposing party, and "the strong public policy in favor of resolving cases on the merits" (Rickert v Chestara, 56 AD3d 941, 942 [2008] [internal quotation marks and citation omitted]; see Aaron v Carter, Conboy, Case, Blackmore, Napierski & Maloney, P.C., 12 AD3d 753, 754 [2004]).
While this Court has, in the past, held that receiving legal documents and deciding to do nothing further due to a failure to understand the papers does not establish a reasonable excuse (see e.g. Kranenburg v Butwell, 34 AD3d 1005, 1006 [2006]; Guariglia v Price Chopper Operating Co., Inc., 13 AD3d 1028, 1029-1030 [2004]; Stoltz v Playquest Theater Co., 257 AD2d 758, 758-759 [1999]), the instant case is factually distinguishable. Here, respondent did not rest on its laurels and ignore the papers; to the contrary, as detailed in the affidavit of Sabrina Perez, respondent's manager, she attempted to resolve the issue by contacting A & E Liens and "was told by [it] that [it] would handle the matter." Also, soon after learning of the default judgment, respondent obtained an attorney. Accordingly, the record is devoid of evidence of bad faith or willful default (see Matter of Toyota Motor Credit Corp. v Impressive Auto Ctr. Inc., 80 AD3d at 864). Moreover, as the motion to vacate was filed only two weeks after entry of the default judgment, there was no delay in filing nor has there been any showing that petitioner would suffer prejudice by having the matter determined on the merits (see id. at 864). As such, respondent has demonstrated a reasonable excuse for the default.
Additionally, respondent has proffered certain defenses that it claims are meritorious. In particular, respondent has asserted that, by failing to commence a special proceeding within 10 days after the service of the notice of sale, petitioner failed to follow the notice requirements in Lien Law § 201-a. Respondent has also alleged a colorable claim that petitioner misstated certain facts and provided inaccurate information to Supreme Court in support of its order to show cause, which resulted in the default judgment. Finally, respondent raises certain unjust enrichment issues. While ultimately these defenses may prove unsuccessful, we find them to be meritorious pursuant to CPLR 5015 (a) (1), which requires a showing of "sufficient facts to demonstrate, on a prima facie basis, that a defense existed" (id. at 863 [internal quotation marks and citation omitted]). Therefore, as respondent has demonstrated both a reasonable excuse for the default and the existence of a meritorious defense, the default must be vacated.
McCarthy, J.P., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion granted, default vacated and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.