■ DAVID ABEL, Appellant, v ESTATE OF NELSON COLLINS JR., Deceased, et al., Defendants, and DANIEL COLLINS et al., Respondents. [901 NYS2d 749]—

Kavanagh, J. Appeal from an order of the Supreme Court (Fitzgerald, J.), entered June 9, 2009 in Delaware County, which granted certain defendants' motion to vacate a default judgment entered against them.

Plaintiff entered into an agreement in June 2007 to purchase certain real property located in the Town of Masonville, Delaware County from defendant Estate of Nelson Collins Jr. (hereinafter the estate). Defendant David Collins, the administrator of the estate, signed the agreement on its behalf. Pursuant to the agreement, plaintiff satisfied more than $6,000 in tax arrears on the property. Delaware County thereafter conveyed the property by quitclaim deed to David Collins, both individually and as administrator of the estate, as well as to defendants Daniel Collins, Diane Vieira, Dorothy Krigger, Kevin Collins and Donna Collins-Smith.

In July 2008, the sale of the property had not been consummated and plaintiff commenced the underlying action against defendants, asserting breach of contract and unjust enrichment and seeking specific performance of the agreement. Daniel Collins, Diane Vieira, Dorothy Krigger, Kevin Collins and Donna Collins-Smith (hereinafter collectively referred to as defendants) retained counsel, who did not subsequently file an answer or a proper notice of appearance. Defendants' counsel did communicate with plaintiff's counsel and filed a request for judicial intervention in September 2008, but failed to adhere to Supreme Court's instructions regarding the submission of a stipulated scheduling order. In January 2009, plaintiff moved for a default judgment. Defendants' counsel did not oppose the motion, but made an initial request for an extension of time to submit opposition, which was granted. After counsel thereafter requested another extension, Supreme Court denied the request and granted plaintiff's motion for default judgment. Defendants then promptly hired new counsel, who moved to vacate the default judgment. Supreme Court granted defendants' motion and plaintiff now appeals.

"Vacatur of a default judgment lies within the discretion of the trial court, a determination that should not be disturbed unless it reflects an 'improvident exercise of discretion' " (*Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co.*, 272 AD2d 772, 773 [2000], quoting *Lucas v United Helpers Cedars Nursing Home*, 239 AD2d 853, 853 [1997]). A party seeking to vacate a judgment of default pursuant to CPLR 5015 (a) (1) must show a reasonable excuse for the default and the existence of a meritorious defense (*see Wade v Village of Whitehall*, 46 AD3d 1302, 1303 [2007]; *Nilt, Inc. v New York State Dept. of Motor Vehicles*, 35 AD3d 937, 938 [2006]). Here, defendants' proffered excuse for the default was that they were under the misunderstanding that counsel was protecting their interests in this action. The record does reflect that defendants retained counsel

upon receiving the summons, kept in communication with counsel during the pendency of the case and, although they were not informed of plaintiff's motion for default judgment, when informed by counsel that a default judgment had been entered against them, they immediately retained new counsel and moved to vacate the judgment. As the record supports a finding that defendants did not intend to ignore the claim and were under the belief that it was being properly defended by counsel, we conclude that defendants have demonstrated a reasonable excuse for the default (*see Steel Krafts Bldg. Materials & Supplies v Komazenski*, 252 AD2d 731, 732 [1998]; *cf. Fishman v Beach*, 246 AD2d 779, 780 [1998]). Further, given that the quantum of proof needed to prevail on a CPLR 5015 (a) (1) motion is less than that required when opposing a summary judgment motion (*see Dodge v Commander*, 18 AD3d 943, 945 [2005]), we find that defendants have demonstrated a meritorious defense—i.e., their contention that David Collins did not have the authority as administrator of the estate to unilaterally convey the property at the time of the agreement. In light of defendants' demonstration of a reasonable excuse and meritorious defense, as well as no evidence of prejudice to plaintiff, and mindful of the preference that a case be determined on its merits (*see Kostun v Gower*, 61 AD3d 1307, 1308 [2009]; *Watkins v Clark*, 260 AD2d 843, 845 [1999]), Supreme Court did not abuse its discretion by granting defendants' motion to vacate the default judgment.

Cardona, P.J., Mercure, Peters and Garry, JJ., concur. Ordered that the order is affirmed, with costs.