*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 7, 2016                    522393
_____

DOUGLAS A. PASSERI,

                    Respondent,

        v

RONALD R. TOMLINS,

                    Defendant,          MEMORANDUM AND ORDER

        and

KLEIN VARBLE & ASSOCIATES,
    P.C.,

                    Appellant.
_____

Calendar Date:   May 24, 2016

Before:   Lahtinen, J.P., McCarthy, Garry, Clark and Mulvey, JJ.

                    _____

        Klein Varble & Associates, PC, Poughkeepsie (John C. Wirth
Jr. of counsel), for appellant.

        Freeman Howard, PC, Hudson (Matthew J. Griesemer of
counsel), for respondent.

                    _____

Garry, J.

        Appeal from an order of the Supreme Court (Nichols, J.),
entered March 23, 2015 in Columbia County, which denied a motion
by defendant Klein Varble & Associates, P.C. to vacate the
default judgment entered against it.

        In December 2006, plaintiff retained defendant Ronald R.
Tomlins to represent him in an action seeking to establish access
rights to property in Columbia County.  Following a February 2010
nonjury trial, Supreme Court dismissed plaintiff's claim; a

subsequent appeal filed by Tomlins on plaintiff's behalf, in August 2010, was ultimately not perfected.  In June 2012, defendant Klein Varble & Associates, P.C. (hereinafter KVA) hired Tomlins as an associate.  Plaintiff commenced this legal malpractice action against Tomlins and KVA thereafter in July 2013, alleging that, as a result of Tomlins' negligent representation, certain access rights that plaintiff sought to establish were instead extinguished, rendering his property landlocked and valueless.  As to KVA, plaintiff alleged that Tomlins' representation was continuous until approximately December 2012, and that KVA was thus jointly liable as Tomlins' employer.

Plaintiff's process server personally served Tomlins and KVA on separate occasions via two office employees at the KVA office.  Plaintiff additionally served defendants by mail and, after receiving no answer, moved for a default judgment in February 2014, which Supreme Court entered in March 2014. Tomlins appeared at the subsequent inquest on damages and represented that he was also appearing on behalf of KVA. Judgment against defendants was entered thereafter in August 2014.  KVA moved to vacate the default judgment in February 2015, alleging that the officers of KVA did not actually receive copies of the complaint and summons and that Tomlins had not made them aware of the malpractice claim.  Supreme Court denied KVA's motion, finding that KVA had failed to provide a reasonable excuse and that its failure to appear was due to "institutional shortcomings."  KVA appeals.

A party seeking to vacate a judgment of default must demonstrate a reasonable excuse for the default and the existence of a meritorious defense (see CPLR 5015 [a] [1]; Doane v Kiwanis Club of Rotterdam, N.Y. Inc., 128 AD3d 1309, 1310 [2015]). Whether such a motion should be granted "is within the discretion of the trial court" (Rutnik & Corr CPA's, P.C. v Guptill Farms, Inc., 127 AD3d 1531, 1531 [2015] [internal quotation marks and citation omitted]).  In support of the motion, KVA proffered the affidavits of Tomlins and one of its officers, Steven Klein. According to Tomlins, the summons intended for KVA was served

upon an office employee, who then delivered the copies to him.[1] Tomlins averred that he never delivered copies to either Klein or KVA's other officer, or made them aware of the ongoing litigation, stating his "reasoning at the time was that this was a matter exclusively between [plaintiff] and [him]self and having nothing to do with [KVA]." Klein's affidavit states that KVA's officers were never made aware of the legal malpractice claim, and that they only became aware of the claim and the default motion as a result of holds placed on the firm's bank accounts relative to collection of the judgment. Klein further stated that it was office procedure that mail directed to a particular person is handed to that individual and, therefore, mail addressed to Tomlins, as the first named defendant, would have been delivered directly to him. We find that these submissions are adequate to show that KVA's failure to appear was not the result of "willfulness or an intent to ignore the action" (Matter of Toyota Motor Credit Corp. v Impressive Auto Ctr., Inc., 80 AD3d 861, 864 [2011]), but instead suggest that it was the result of Tomlins' deliberate actions to withhold information, and thus form the basis for a reasonable excuse.

As to whether KVA demonstrated the existence of a meritorious defense, we note that "the quantum of proof needed to prevail on a CPLR 5015 (a) (1) motion is less than that required when opposing a summary judgment motion" (Abel v Estate of Collins, 73 AD3d 1423, 1425 [2010]; see Dodge v Commander, 18 AD3d 943, 945 [2005]). Central to this claim is the existence of an attorney-client relationship between Tomlins and plaintiff that was continuous with his earlier representation (see generally Deep v Boies, 121 AD3d 1316, 1318 [2014], lv denied 25

---

[1] As relevant here, personal service upon a corporation may be effected by delivering the summons to, among others, an officer, director, managing or general agent or any other authorized agent (see CPLR 311 [a] [1]). Klein's statement that the office employee in question was unauthorized, without more, did not suffice to rebut the presumption of proper service established by the process server's affidavit (see Cellino & Barnes, P.C. v Martin, Lister & Alvarez, PLLC, 117 AD3d 1459, 1460 [2014], lv dismissed 24 NY3d 928 [2014]).

NY3d 903 [2015]; <u>Corless v Mazza</u>, 295 AD2d 848, 848-849 [2002]), and which existed during the period of his employment with KVA (see <u>Huffner v Ziff, Weiermiller, Hayden & Mustico, LLP</u>, 55 AD3d 1009, 1011 [2008]; <u>C.K. Indus. Corp. v C.M. Indus. Corp.</u>, 213 AD2d 846, 847-848 [1995]).  The retainer agreement was between plaintiff and Tomlins only, "with respect to rights and obligations pertaining [to] a certain private road."  Plaintiff's checks were made out to Tomlins individually, with the last check written in November 2010.  Tomlins and Klein both state that KVA was not formed until March 2012; after Tomlins joined the firm in June 2012 he claims to have met with plaintiff "once or twice, as a courtesy," at the physical offices of KVA, to assist him, without compensation, "with his efforts to secure a building permit."  Klein states that KVA did not have a retainer agreement with plaintiff, which he would have insisted upon, had he known of any representation, and that KVA had received no fees from plaintiff.  Here, we find that KVA met its burden to set forth sufficient facts "to make a prima facie showing of legal merit" in its defense (<u>Chase Manhattan Auto. Fin. Corp. v Allstate Ins. Co.</u>, 272 AD2d 772, 774 [2000] [internal quotation marks and citation omitted]; <u>see</u> <u>Bilodeau-Redeye v Preferred Mut. Ins. Co.</u>, 38 AD3d 1277, 1277 [2007]; <u>Clark v MGM Textiles Indus.</u>, 307 AD2d 520, 521-522 [2003]).

In sum, our review of the record reveals sufficient facts supporting a reasonable excuse and a meritorious defense.  Thus, in recognition of the "strong preference for deciding cases on their merits" (<u>Wade v Village of Whitehall</u>, 46 AD3d 1302, 1303 [2007]), we find that KVA's motion to vacate the default judgment should have been granted.

Lahtinen, J.P., McCarthy, Clark and Mulvey, JJ., concur.

ORDERED that the order is reversed, on the law, with costs, motion granted, default judgment vacated, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court