*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 17, 2016                522550
_____

RICHARD L. GAGE,
                    Appellant,

           v                           MEMORANDUM AND ORDER

VILLAGE OF CATSKILL,
                    Respondent.
_____


Calendar Date:  October 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____


        Horigan, Horigan & Lombardo, PC, Amsterdam (Joseph D.
Giannetti of counsel), for appellant.

        Shantz & Belkin, Latham (M. Randolph Belkin of counsel),
for respondent.

_____


Clark, J.

        Appeal from an order of the Supreme Court (Elliott, J.),
entered March 18, 2015 in Greene County, which granted
defendant's motion to vacate a default judgment entered against
it.

        On May 9, 2012, plaintiff was jogging along a sidewalk in
the Village of Catskill, Greene County when he tripped over a
piece of metal that was protruding from the sidewalk and injured
himself.  Believing that the sidewalk was maintained by the Town
of Catskill, he filed a pro se notice of claim against the Town,
as well as the County of Greene, on or about August 6, 2012.
Plaintiff was subsequently notified by Selective Insurance
Company (hereinafter SIC), the insurer representing the Town,
that the Town was not liable because the incident had occurred

within defendant's boundaries.  Plaintiff, in turn, hired counsel and served a new notice of claim on defendant on or about October 5, 2012, but it was rejected as untimely by SIC, which also represented defendant.

Thereafter, plaintiff applied for permission to serve a late notice of claim.  The application was granted and the notice of claim was served on defendant on May 1, 2013.  Plaintiff proceeded to commence this negligence action against defendant in August 2013 and moved for a default judgment in May 2014 based on defendant's nonappearance.  Supreme Court granted the motion, and defendant thereafter moved pursuant to CPLR 5015 (a) (1) to vacate the default judgment.  Supreme Court granted the motion, and plaintiff now appeals, claiming that defendant failed to demonstrate a reasonable excuse for its default.

"A party seeking to vacate a judgment of default must demonstrate a reasonable excuse for the default and the existence of a meritorious defense" (Passeri v Tomlins, 141 AD3d 816, 817 [2016] [citation omitted]; see CPLR 5015 [a] [1]; Eugene DiLorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). "The reasonableness of a proffered excuse for a default is a matter within the discretion of the trial court" (Kurlander v Willie, 45 AD3d 1006, 1007 [2006] [citation omitted]; see Trepel v Greenman-Pedersen, Inc., 99 AD3d 789, 791 [2012]; Krieger v Cohan, 18 AD3d 823, 824 [2005]).

In support of its motion, defendant submitted the affidavit of the Village Clerk who acknowledged that she was served with a copy of the summons and complaint on August 20, 2013.  She asserted that the summons and complaint were promptly forwarded to defendant's insurance agent, and defendant provided documentary evidence corroborating her assertion.  She stated that, based on a November 2012 letter from counsel assigned by SIC to represent defendant in connection with the notice of claim and a March 2013 letter from an SIC representative regarding its counsel's response to plaintiff's application to file a late notice of claim, she believed that defendant's legal interests were being represented by SIC's counsel at the time that the action was commenced.  She further stated that, although she also received plaintiff's motion for a default judgment, she did not

review its contents because, among other things, she assumed that the motion was being handled by counsel. Defendant also submitted the affirmation of its attorney, who averred that SIC had no record of the summons and complaint having been received.

Contrary to plaintiff's claim, this is not a case in which the excuse offered for the default is the insurer's delay in responding or interposing a defense on behalf of its insured (see Lemberger v Congregation Yetev Lev D'Satmar, Inc., 33 AD3d 671, 672 [2006]; Krieger v Cohan, 18 AD3d at 824; Cilindrello v Rayabin, 297 AD2d 699, 699 [2002]). Rather, defendant's default was based upon its good faith, albeit mistaken, belief that its legal interests were being represented by SIC in the pending action, a belief that stemmed from SIC's involvement in the case from the time that the notice of claim was served and its appointment of counsel to represent defendant in the litigation that followed (see Gerdes v Canales, 74 AD3d 1017, 1018 [2010]; Evolution Impressions, Inc. v Lewandowski, 59 AD3d 1039, 1040 [2009]; compare Trepel v Greenman-Pedersen Inc., 99 AD3d at 791). Under these circumstances, Supreme Court providently exercised its discretion in finding that defendant demonstrated a reasonable excuse for its failure to appear in the action. Furthermore, defendant put forth a meritorious defense to the action, namely, that the piece of metal over which plaintiff tripped was a broken sign that had been erected by the state to control pedestrian traffic along a state highway that is not maintained by defendant. In view of the foregoing, we find no reason to disturb Supreme Court's vacatur of the default judgment.

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court