Nils Edward Luderowski, Appellant, v Martin Sexton et al., Respondents, et al., Defendants. (Action No. 1.) Redwing Construction Co., Inc., Appellant, v Martin Sexton et al., Respondents, et al., Defendants. (Action No. 2.) [59 NYS3d 505]—

---

Clark, J. Appeal from an order of the Supreme Court (Ellis, J.), entered June 27, 2016 in Franklin County, which, among other things, granted a motion by defendants Martin Sexton and Georganne Sexton to vacate two default judgments entered against them.

In May 2012, defendants Martin Sexton and Georganne Sexton (hereinafter collectively referred to as defendants) contracted with plaintiff Nils Edward Luderowski, an architect, to design a camp for defendants' lakefront property in the Town of Santa Clara, Franklin County.* Defendants subsequently contracted with plaintiff Redwing Construction Co., Inc. to build the camp in accordance with Luderowski's designs. In 2013, however, disputes arose among the parties. By August 2013, both Luderowski and Redwing (hereinafter collectively referred to as plaintiffs) filed separate mechanic's liens against the camp, and they later commenced separate actions against defendants seeking, among other relief, money damages and the foreclosure of their respective liens. Defendants responded by filing pre-answer motions to dismiss in each of the actions and, alternatively, moving to join the actions for trial. In separate amended decisions and orders, Supreme Court, among other things, denied defendants' motions to dismiss, but granted their motions to join the actions for trial.

Following Supreme Court's denial of their motions to dismiss, defendants failed to answer until nearly one year later, after plaintiffs served them with a notice of their intention to apply for default judgments. Defendants promptly answered upon receiving plaintiffs' notice, but plaintiffs rejected it as untimely and obtained default judgments. Defendants then swiftly moved to vacate the default judgments pursuant to CPLR 5015 (a) (1), and the court granted their motion. Plaintiffs now appeal, and we affirm.

To prevail on their motion to vacate the default judgments, defendants were required to demonstrate both a reasonable excuse for their failure to timely answer and the existence of a potentially meritorious defense to the underlying causes of action (*see* CPLR 5015 [a] [1]; *Gage v Village of Catskill*, 144 AD3d 1365, 1366 [2016]; *Abel v Estate of Collins*, 73 AD3d 1423, 1424 [2010]). The reasonableness of their proffered

---

* Defendants and Luderowski mutually agreed to terminate their contract in September 2012 after defendants experienced unforeseen financial difficulties.

excuse must be assessed "based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (*Puchner v Nastke*, 91 AD3d 1261, 1262 [2012] [internal quotation marks and citations omitted]; *see Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]). To establish the existence of a potentially meritorious defense, defendants needed only to "make a prima facie showing of legal merit" (*Passeri v Tomlins*, 141 AD3d 816, 819 [2016] [internal quotation marks and citations omitted]; *see Puchner v Nastke*, 91 AD3d at 1262 n), as "the quantum of proof needed to prevail on a CPLR 5015 (a) (1) motion is less than that required when opposing a summary judgment motion" (*Abel v Estate of Collins*, 73 AD3d at 1425; *see Baptist Health Nursing & Rehabilitation Ctr., Inc. v Baxter*, 140 AD3d 1386, 1388 [2016]; *State of New York v Bayramov*, 98 AD3d 811, 812 [2012]). "A motion to vacate a prior judgment . . . is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (*Hayes v Village of Middleburgh*, 140 AD3d 1359, 1362 [2016] [internal quotation marks and citations omitted]; *see Gage v Village of Catskill*, 144 AD3d at 1366; *Passeri v Tomlins*, 141 AD3d at 817; *Abel v Estate of Collins*, 73 AD3d at 1424).

Here, defendants attribute their failure to timely serve an answer to law office failure, namely, defense counsel's admittedly mistaken belief that one of his former associates had timely answered. This associate, who had been handling the matter, left the firm around the time that plaintiffs served defendants with the amended decision and order, thus commencing the period within which defendants had to answer. Defense counsel incorrectly assumed that this associate had filed and served the answer in the course of "wrap[ping] up" his work for the firm and did not discover this error until after plaintiffs served him with notice of their intention to seek default judgments.

Under the circumstances, we find that defendants' default was attributable to an excusable instance of law office failure (*see* CPLR 2005; *Hoffman v Kessler*, 28 AD3d 718, 718-719 [2006]; *Goldman v Cotter*, 10 AD3d 289, 291 [2004]; *Polir Constr. v Etingin*, 297 AD2d 509, 513 [2002]). The record reveals that, once the error was discovered, it was promptly cured (*see Puchner v Nastke*, 91 AD3d at 1262; *Action Lawn & Landscaping v East Glenville Fire Dist.*, 254 AD2d 585, 587 [1998]). Defendants' participation in significant motion practice before defaulting also indicates that they had no intention of

abandoning their defense (*see Puchner v Nastke*, 91 AD3d at 1262; *Goldman v Cotter*, 10 AD3d at 291-292). We further find that defendants' affidavit of merit and supporting documentation, which allege that plaintiffs have substantially breached their respective contracts, suffice to make the requisite prima facie showing of merit (*see Cherokee Owners Corp. v DNA Contr., LLC*, 116 AD3d 517, 518 [2014]; *see generally Catlyn & Derzee, Inc. v Amedore Land Developers, LLC*, 132 AD3d 1202, 1206-1207 [2015]; *Accadia Site Contr., Inc. v Erie County Water Auth.*, 115 AD3d 1351, 1353 [2014]). Accordingly, we see no reason to disturb Supreme Court's determination to grant defendants' motion to vacate the default judgments, particularly in light of the apparent lack of prejudice to plaintiffs and the strong policy in favor of resolving cases on their merits.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur. Ordered that the order is affirmed, with costs.