Historic Pastures Homeowners Assn., Inc. v Ace Holding, LLC (2018 NY Slip Op 08991)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Historic Pastures Homeowners Assn., Inc. v Ace Holding, LLC

2018 NY Slip Op 08991

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

526671

[*1]HISTORIC PASTURES HOMEOWNERS ASSOCIATION, INC., Respondent,
vACE HOLDING, LLC, Appellant.

Calendar Date: November 16, 2018
Before: Garry, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.


Law Office of John T. Keenan III, Albany (John T. Keenan III of counsel), for appellant.
Bruce R. Rosenthal, Saratoga Springs, for respondent.

MEMORANDUM AND ORDER
McCarthy, J.
Appeal from an order of the Supreme Court (Platkin, J.), entered January 4, 2018 in Albany County, which denied defendant's motion to vacate a default judgment.
Plaintiff is a not-for-profit corporation that provides services to the owners of properties in a residential community in the City of Albany. Defendant owns nine units in that community, making it a member of plaintiff. As a member, defendant must pay monthly dues of $59 per unit, late fees of $5 per unit if it does not pay dues on or before the first day of each month and, if there is litigation, collection costs and reasonable counsel fees. In 2014, plaintiff commenced this action to collect unpaid dues, late fees and costs.
In February 2017, the parties resolved the matter through a stipulation setting forth a schedule of payments for certain overdue amounts. The stipulation provided that if defendant failed to timely pay any amount owed, including any subsequent dues payments or payments required under a prior bankruptcy plan, plaintiff would be entitled to a money judgment in the amount of $84,887.88, reduced by payments made and increased by any amounts that subsequently accrued as well as late fees, counsel fees and costs. By notice of motion dated July 13, 2017, plaintiff moved for a judgment of $121,648.59 based on defendant's failure to make timely payments pursuant to the stipulation. The motion was returnable on August 25, 2017 at 9:30 a.m. and defendant was required to serve answering papers by August 18, 2017. On August 25, after the time that the motion was returnable, defendant faxed a letter to Supreme Court requesting an extension of time to respond to the motion. Plaintiff opposed any extension. The court denied defendant's request based on its lateness, lack of a reasonable excuse for failing to timely respond to the motion and lack of support for the claim of a meritorious defense. In September 2017, the court signed an order granting plaintiff a money judgment in the requested amount. In October 2017, defendant moved by order to show cause for an extension of time to submit papers responding to plaintiff's motion. The court denied the motion, prompting this appeal by defendant.
Supreme Court did not abuse its discretion by denying defendant's motion. Defendant contends that the court improperly applied the standard for vacating a default judgment (see CPLR 5015 [a]) rather than the standard for an extension of time (see CPLR 2004). Although the order to show cause sought an order extending defendant's time to serve answering papers to plaintiff's motion for a judgment, the affidavits supporting the order to show cause also sought an order vacating any judgment issued to plaintiff. Inasmuch as the court had already decided plaintiff's motion and issued an order granting plaintiff a judgment, Supreme Court properly applied the standard for vacating that default order.
To prevail on a motion to vacate a default order, defendant had "to demonstrate both a reasonable excuse for [its] failure to timely answer and the existence of a potentially meritorious defense" to plaintiff's underlying motion (Luderowski v Sexton, 152 AD3d 918, 919-920 [2017]). Defendant offered three reasons for failing to timely respond to the motion, all of which were rejected by Supreme Court. First, defendant's assertion that plaintiff agreed to an extension is belied by the record. Specifically, defendant's August 25, 2017 letter to the court requesting an extension noted that plaintiff's counsel had advised defendant that plaintiff objected to any extension of time. Second, although defendant asserted that its principal and another witness were absent from the state when plaintiff filed its motion (on July 13, 2017), defendant does not explain how long these individuals were away or why no response could have been drafted in the ample time provided for responsive papers (by August 18, 2017). The third proffered reason for failing to timely respond was that defendant's counsel inadvertently misfiled plaintiff's motion papers when he moved his office. A court has discretion to accept law office failure as an excuse for delay or default (see CPLR 2005; Tewari v Tsoutsouras, 75 NY2d 1, 12 [1989]). Even though defendant's counsel packed and moved his office in late July 2017, he averred that he became aware of the submission deadline when it appeared on his calendar on August 18, but he admittedly waited a full week after discovering the default before requesting an adjournment from the court. That request was made on the return date, which was 45 days after the motion was filed (compare Luderowski v Sexton, 152 AD3d at 920). Supreme Court did not abuse its discretion in finding unreasonable defendant's excuses for failing to timely respond to plaintiff's motion. Inasmuch as defendant failed to establish a reasonable excuse for default, we need not address whether defendant possessed a meritorious defense (see BAC Home Loans Servicing, LP v Funk, 154 AD3d 1244, 1246 [2017]).
Defendant did not preserve its argument that it was deprived of due process when Supreme Court made no provision in the order to show cause for defendant to submit reply papers. Not only did defendant fail to raise the issue before Supreme Court, but defendant drafted the order to show cause without including such a provision.
Finally, defendant's argument that Supreme Court erred in granting plaintiff a judgment without holding an inquest on damages is not properly before us in the context of this appeal.
Garry, P.J., Egan Jr., Devine and Clark, JJ., concur.
ORDERED that the order is affirmed, with costs.