McCue v Trifera, LLC (2019 NY Slip Op 04806)





McCue v Trifera, LLC


2019 NY Slip Op 04806


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

527496

[*1]JAMES A. McCUE et al., Respondents,
v
TRIFERA, LLC, Appellant.

Calendar Date: April 22, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Friedman Vartolo LLP, New York City (Oran Schwager of counsel), for appellant.
Schlather & Birch, Cooperstown (Robert W. Birch of counsel), for respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Coccoma, J.), entered December 4, 2017 in Otsego County, which denied defendant's motion to vacate a default judgment.
In September 2006, plaintiffs executed a note and mortgage in favor of Wells Fargo Bank, N.A., defendant's predecessor-in-interest, promising to repay money that Wells Fargo loaned them to purchase their residence. In July 2009, plaintiffs defaulted on the mortgage. In December 2009, Bankruptcy Court granted Wells Fargo relief from the automatic stay related to plaintiffs' bankruptcy filing. In June 2010, Wells Fargo commenced a foreclosure action, which it discontinued without explanation in October 2011. In July 2012, Wells Fargo commenced another foreclosure action. In October 2013, Supreme Court granted Wells Fargo a default judgment and reference to compute the amount owed but, because no judgment of foreclosure and sale was filed within the time allotted by the court, in June 2014 Supreme Court dismissed the action without prejudice (see CPLR 3215 [c]).
By motion returnable in October 2015, Wells Fargo moved to vacate the June 2014 dismissal order. When Wells Fargo did not appear at oral argument on its motion to vacate, nor at a second scheduled argument date, Supreme Court dismissed the motion with prejudice in November 2015. That same month, the note and mortgage were assigned to defendant. In May 2016, plaintiffs commenced this action to quiet title to the property, essentially seeking a declaration that the mortgage no longer constitutes a valid lien. Based on defendant's failure to appear or answer, in June 2016 Supreme Court granted plaintiffs a default judgment declaring that defendant has no interest in the property. In August 2017, defendant moved to vacate the default judgment. The court denied the motion as untimely. Defendant appeals.
While this appeal was pending, defendant moved to reargue its motion to vacate. In May 2018, Supreme Court denied the motion to reargue because that motion was untimely filed. Notwithstanding its denial of the motion, the court then addressed the arguments raised therein, concluding that defendant's August 2017 motion to vacate was timely filed because defendant had never been served with notice of entry of the default judgment (see CPLR 5015 [a] [1]), but [*2]that defendant did not demonstrate an excusable default. Thus, the court reiterated its denial of the motion to vacate the default judgment.
Contrary to plaintiffs' assertion, defendant's challenge to Supreme Court's dismissal of its motion to vacate on timeliness grounds is not moot. Although, in its decision on the reargument motion, the court reversed its own prior holding regarding the timeliness of the vacatur motion, that discussion was dicta. The only actual holding in the court's decision on the reargument motion was that the reargument motion itself was denied as untimely; everything else was superfluous. Nevertheless, plaintiffs concede Supreme Court's recognition of its prior error and accept the proposition that defendant's motion to vacate was timely filed. Therefore, we will address in the first instance the substance of the motion to vacate, which defendant based on CPLR 5015 (a) (1) and (3), as well as the interest of justice.
To prevail on a motion to vacate pursuant to CPLR 5015 (a) (1), a defendant must "demonstrate both a reasonable excuse for [its] failure to timely answer and the existence of a potentially meritorious defense to the underlying causes of action" (Luderowski v Sexton, 152 AD3d 918, 919 [2017]). "The reasonableness of [the] proffered excuse must be assessed based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (id. at 919-920 [internal quotation marks and citations omitted]). Although we are not bound by Supreme Court's discussion in its May 2018 decision, we agree with its reasoning and conclusion that defendant and its predecessor-in-interest exhibited a pattern of willful default and neglect. Wells Fargo discontinued the first foreclosure action without explanation, even though plaintiffs had failed to timely answer. In the second foreclosure action, Wells Fargo obtained a default judgment and report from the referee but failed to comply with a court-ordered deadline to seek a judgment of foreclosure and sale, resulting in dismissal of the action. Fifteen months passed before Wells Fargo filed a motion to vacate that dismissal, and Wells Fargo twice failed to appear for argument on its own motion, resulting in dismissal of the motion. With this history, defendant then obtained the note and mortgage.
In the present action, defendant failed to answer. Although defendant asserts that it retained counsel to defend its interests, the record does not contain proof of such retainer. The record contains an email from defendant's oversight counsel to Rosicki, Rosicki and Associates, P.C. (hereinafter Rosicki) stating a belief that Rosicki was representing defendant in connection with foreclosure proceedings and asking for a status update on those proceedings so that the two firms could work together to formulate a response to plaintiffs' complaint. There is no indication that Rosicki responded, yet defendant did nothing to follow up on this action for more than five months (and more than four months after a default judgment had been entered against defendant), at which point oversight counsel merely sent a short email requesting an update from Rosicki. Rosicki then advised that another firm was handling defendant's file. The record contains no further action by any of the three law firms; a separate firm filed defendant's motion to vacate the default 10 months after the date of this last email.
Although defendant attempts to portray this as a matter of simple and excusable law office failure, we disagree. "[L]aw office failure should not be excused where a default results not from an isolated, inadvertent mistake, but from repeated neglect" (Mollica v Ruzza, 151 AD3d 714, 715 [2017]). Rosicki was the same firm that had permitted the second foreclosure action to be dismissed for failure to adhere to court-ordered deadlines and had twice failed to appear on its own motion to vacate that dismissal. Based on this history, defendant was on notice of Rosicki's neglect and defendant must be held accountable for its choice to continue using that firm and for failing to follow up to ensure that Rosicki was protecting defendant's interests. The pattern of willful neglect and default regarding this mortgage indicates that defendant did not demonstrate a reasonable excusable for its default (see Burlew-Watkins v Wood, 225 AD2d 973, 974 [1996]; Gannon v Johnson Scale Co., 189 AD2d 1052, 1052 [1993]; compare Luderowski v Sexton, 152 AD3d at 920), so we need not address whether defendant [*3]proffered a meritorious defense (see Cotter v Dukharan, 110 AD3d 1331, 1333 [2013]; Colonie Constr. Prods. v Titan Indem. Co., 265 AD2d 716, 719 [1999]).
As for defendant's alternative grounds, a court may, in its discretion, set aside a judgment on the ground of "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015 [a] [3]; see Chemical Bank v Vazquez, 234 AD2d 253, 253 [1996]). Defendant contends that plaintiffs committed fraud and misrepresentation, leading Supreme Court to grant them judgment quieting title, by alleging in the complaint that the court had dismissed the foreclosure action with prejudice, thereby precluding defendant from later pursuing foreclosure. According to defendant, the June 2014 order dismissed the foreclosure action without prejudice, and the November 2015 order dismissing the motion to vacate with prejudice did not affect the "without prejudice" aspect of the June 2014 order. "[W]hen a CPLR 5015 (a) (3) motion alleges intrinsic fraud, i.e., that the plaintiff's allegations are false," the moving defendant must show a reasonable excuse for defaulting and a meritorious defense (Bank of N.Y. v Stradford, 55 AD3d 765, 765-766 [2008]; see OneWest Bank, FSB v Galloway, 148 AD3d 818, 819 [2017]; New Century Mtge. Corp. v Corriette, 117 AD3d 1011, 1012 [2014]; Berardo v Berardo, 205 AD2d 1036, 1036 [1994]). As we have already determined that defendant failed to establish a reasonable excuse, defendant is not entitled to vacatur pursuant to CPLR 5015 (a) (3).
Finally, plaintiffs attached the June 2014 and November 2015 orders as exhibits to the complaint. As Supreme Court itself had issued both of those orders, and had them before it when considering plaintiffs' allegations, it seems unlikely that the court was duped into relying on plaintiffs' allegedly incorrect interpretation of those orders. Accordingly, there is no basis upon which to vacate the default judgment.
Egan Jr., J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.