Lai v Montes (2020 NY Slip Op 02134)





Lai v Montes


2020 NY Slip Op 02134


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

527053

[*1]George Lai et al., Doing Business as Ultimate Bulldogs, Respondents,
v
Stephen Montes et al., Appellants.

Calendar Date: February 19, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Stephen Montes and Pamela Montes, Saugerties, appellants pro se.
Law Office of Terry D. Horner, Poughkeepsie (Terry D. Horner of counsel), for respondents.



Colangelo, J.
Appeal from an order of the Supreme Court (Mott, J.), entered September 15, 2017 in Ulster County, which, upon an inquest, awarded damages to plaintiffs.
Plaintiffs operate Ultimate Bulldogs, a business engaged in the breeding and sale of "AKC registered bulldogs."[FN1] Plaintiffs entered into a written contract with defendants, apparently accompanied by a limited warranty, pursuant to which defendants were to pay plaintiffs a fee of $3,200 to purchase a female dog named Ultimate Sophie Maxine (hereinafter Sophie), which the parties would co-own. After breeding by a stud dog provided by plaintiffs, plaintiffs were to receive their choice of two of Sophie's offspring and would transfer sole ownership of Sophie to defendants with her AKC registration. In 2014, plaintiffs commenced this action alleging that defendants had breached the contract by failing to deliver any of Sophie's offspring, that defendants had been unjustly enriched and that defendant Pamela Montes had published defamatory statements about plaintiffs and their business online. Defendants answered, denying the allegations and asserting numerous affirmative defenses, including that any statements in question were true or protected expressions of opinion, and that plaintiffs had breached the contract.
Upon a motion by defense counsel, Supreme Court issued an order dated January 15, 2016 relieving counsel, provided defendants with 60 days from the service of the order to retain new counsel and required their appearance on March 24, 2016. That order directed the former counsel to advise defendants' new counsel of the required appearance. When defendants failed to appear at the scheduled appearance, the court struck their answer and entered a default judgment in plaintiffs' favor. The court also permanently enjoined defendants from publishing certain specified types of statements, including online, about plaintiffs and their business and directed them to withdraw statements already made. Supreme Court thereafter denied defendants' motion to vacate the default judgment by order entered November 14, 2016. After an inquest, the court issued an order entered September 15, 2017 awarding plaintiffs liquidated, punitive and special damages and counsel fees. Defendants appeal from the September 2017 order.
As an initial matter, defendants did not timely perfect their appeal from the November 2016 order denying their motion to vacate the default judgment. However, the September 2017 order, from which defendants did ultimately timely appeal,[FN2] is a final order in that it "dispose[d] of all of the causes of action between the parties in the action . . . and [left] nothing for further judicial action" (Burke v Crosson, 85 NY2d 10, 15 [1995]; see McCormack v Maloney, 148 AD3d 1268, 1268-1269 [2017]). Accordingly, defendants' appeal from the September 2017 final order brings up for review the prior, nonfinal November 2016 order denying the motion to vacate the default judgment, which "necessarily affect[ed] the final [order]" (CPLR 5501 [a] [1]; see Hewitt v Palmer Veterinary Clinic, PC, 167 AD3d 1120, 1123 [2018], lv granted 32 NY3d 918 [2019]; Madden v Dake, 30 AD3d 932, 935 n 2 [2006]; Hurd v Lis, 126 AD2d 163, 166 [1987], lv dismissed 70 NY2d 872 [1987]).
Turning to the merits of defendants' challenge to the denial of their motion to vacate the default judgment, "[t]o prevail on a motion to vacate pursuant to CPLR 5015 (a) (1), a defendant must demonstrate both a reasonable excuse for its failure to [appear] and the existence of a potentially meritorious defense to the underlying causes of action" (McCue v Trifera, LLC, 173 AD3d 1416, 1417-1418 [2019] [internal quotation marks, brackets and citation omitted]; see Matter of Ronelli-Dutcher v Dutcher, 176 AD3d 1358, 1359 [2019]). "The reasonableness of the proffered excuse must be assessed based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (McCue v Trifera, LLC, 173 AD3d at 1418 [internal quotation marks, brackets and citations omitted]; see Matter of Santander Consumer USA, Inc. v Kobi Auto Collision & Paint Ctr., Inc., 166 AD3d 1365, 1365-1366 [2018]).
Although Supreme Court's January 15, 2016 order provided notice of the scheduled appearance in March 2016, defense counsel's January 27, 2016 letter to defendants merely forwarded the January 2016 order and invited them to schedule a time to pick up their file, but made no mention of the scheduled appearance or the consequences of failing to appear. As defendants had not yet retained new counsel, former counsel was not in a position to advise new counsel of the required appearance, as directed in the January 2016 order. In moving to vacate their default, defendants acknowledged receipt of the order, but indicated that they had not closely reviewed it and did not notice that, in the middle of the second page of the three-page order, there was one sentence indicating that they were required to attend a scheduled pretrial appearance in March 2016. Although deliberate inaction due to a failure to understand legal papers may not, by itself, establish a reasonable excuse, defendants here reviewed the order but overlooked or failed to appreciate that it contained a scheduled appearance which, we note, was not conspicuously placed in that order (see Matter of Santander Consumer USA, Inc. v Kobi Auto Collision & Paint Ctr., Inc., 166 AD3d at 1366; compare Kranenburg v Butwell, 34 AD3d 1005, 1006 [2006]). The record otherwise reflects that defendants, who had served an answer that was stricken upon their failure to attend the scheduled appearance, promptly retained counsel and moved to vacate the default judgment within one month after it was served on them. Thus, their nonappearance was explained by several factors, including their unrepresented status, former counsel's failure to advise them that the order included a required appearance date and their inability to decipher that the order contained a required appearance. Although defendants had earlier failed to appear in court on their former counsel's motion to be relieved, there was no pattern of willfulness or evidence of bad faith in failing to appear, and the record does not support the conclusion that plaintiffs were thereby prejudiced (see Matter of Santander Consumer USA, Inc. v Kobi Auto Collision & Paint Ctr., Inc., 166 AD3d at 1366). Thus, we find, contrary to Supreme Court, that defendants provided a reasonable excuse for their failure to appear.
Moreover, defendants have proffered several defenses that are potentially meritorious based upon their verified answer and affidavits in support of the motion to vacate the default judgment (see Global Liberty Ins. Co. v Shahid Mian, M.D., P.C., 172 AD3d 1332, 1333 [2019]; Luderowski v Sexton, 152 AD3d 918, 918 [2017]). "To establish the existence of a potentially meritorious defense, defendants needed only to make a prima facie showing of legal merit, as the quantum of proof needed to prevail on a CPLR 5015 (a) (1) motion is less than that required when opposing a summary judgment motion" (Luderowski v Sexton, 152 AD3d at 920 [internal quotation marks and citations omitted]). Defendants' affidavits of merit indicate that plaintiffs breached the contract by misrepresenting that the dog was an "AKC [registerable] purebred English bulldog . . . that would be suitable for breeding or showing" when it is not suitable for same due to certain genetic defects. As a result, defendants claim that they were not unjustly enriched, as alleged in the complaint. Defendants also assert that the allegedly defamatory statements are true, an "absolute defense" provided they are "substantially true" (Hope v Hadley-Luzerne Pub. Lib., 169 AD3d 1276, 1277 [2019] [internal quotation marks and citations omitted]; see Cusimano v United Health Servs. Hosps., Inc., 91 AD3d 1149, 1151 [2012], lv denied 19 NY3d 801 [2012]). Further, defendants served an answer with numerous affirmative defenses and participated in depositions,[FN3] "indicat[ing] that they had no intention of abandoning their defense[s]" (Luderowski v Sexton, 152 AD3d at 920-921).
While these defenses may ultimately prove to be unsuccessful, we find that they are potentially meritorious so as to satisfy CPLR 5015 (a) (1), in that they "suffice to make the requisite prima facie showing of merit" (Luderowski v Sexton, 152 AD3d at 921; see Matter of Santander Consumer USA, Inc. v Kobi Auto Collision & Paint Ctr., Inc., 166 AD3d at 1366; Passeri v Tomlins, 141 AD3d 816, 818-819 [2016]). "Under these circumstances, and considering the strong public policy favoring the resolution of cases upon their merits" (Matter of Walker v Buttermann, 164 AD3d 1081, 1082-1083 [2018] [citations omitted]), we find that defendants' motion to vacate the default judgment should have been granted. Accordingly, the final order issued following the inquest must be reversed and defendants' remaining contentions addressed to the inquest have been rendered academic.
Garry, P.J., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion to vacate granted, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: AKC apparently stands for American Kennel Club.

Footnote 2: Although defendants did not timely perfect their appeal from the September 2017 order, this Court granted their motion to extend the time within which to do so, and they thereafter perfected their appeal within that time extension.

Footnote 3: The source of Supreme Court's conclusion, in granting the default judgment, that defendants had not complied with certain disclosure demands is not reflected in the record, and this finding was not relied upon in the order denying their motion to vacate the default judgment. The record does not include the discovery scheduling order and reflects one request by defendants for a modification of that order due to scheduling conflicts among the parties, which was granted.