Zoom Tan, Inc. v Monforte (2024 NY Slip Op 02733)

Zoom Tan, Inc. v Monforte

2024 NY Slip Op 02733

Decided on May 16, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 16, 2024

CV-22-2050
[*1]Zoom Tan, Inc., Appellant,
v
Katelyn Monforte, Respondent.

Calendar Date:March 28, 2024

Before:Garry, P.J., Egan Jr., Fisher, McShan and Powers, JJ.

Harris Beach PLLC, Pittsford (James P. Nonkes of counsel), for appellant.
Monaco Cooper Lamme & Carr, PLLC, Albany (Jonathan E. Hansen of counsel), for respondent.

McShan, J.
Appeal from an order of the Supreme Court (Peter A. Lynch, J.), entered October 12, 2022 in Albany County, which granted defendant's motion to vacate a default judgment.
At the beginning of 2022, plaintiff, a Florida-based corporation, purchased certain assets from St. Croix Tan (hereinafter St. Croix), a New York-based tanning salon company with locations in the Capital Region. At the time, defendant was employed by St. Croix, but she was subsequently terminated after the completion of the sale. Thereafter, defendant made multiple posts on social media concerning her termination. In May 2022, plaintiff sent defendant a letter asserting that her posts contained false and defamatory statements and threatened litigation if she failed to remove the posts. Plaintiff commenced this action a week later, alleging a claim of defamation and, after defendant failed to appear, plaintiff obtained a default judgment on the issue of liability. One month after the judgment was entered, defendant retained counsel and moved to vacate her default. Supreme Court granted defendant's motion, finding that she had set forth a reasonable excuse for her default and that she had presented a meritorious defense. Plaintiff appeals.
We affirm. CPLR 5015 (a) (1) requires "[a] party seeking to vacate a judgment or order based on default [to] demonstrate a reasonable excuse for the default and the existence of a meritorious defense. The reasonableness of the proffered excuse must be assessed based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Bank of N.Y. v Richards, 192 AD3d 1228, 1229 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Carrington Mtge. Servs., LLC v Fiore, 206 AD3d 1306, 1307 [3d Dept 2022]). "Such a motion is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Wilmington Sav. Fund Socy., FSB v Bardini, 207 AD3d 898, 899 [3d Dept 2022] [internal quotation marks and citations omitted]).
We discern no reason to disturb Supreme Court's discretionary determination to accept defendant's proffered excuse for failing to answer, which was predicated on a death in her family and defendant's medical condition that affected her during the time that she was required to respond to the complaint and motion for default (see L & Z Masonry Corp. v Mose, 167 AD3d 728, 729 [2d Dept 2018]; see also Matter of Melissa F. v Raymond E., 193 AD3d 1123, 1125 [3d Dept 2021]). The relatively short default period and the lack of prejudice to plaintiff further support the court's determination under the circumstances (see Lai v Montes, 182 AD3d 646, 649 [3d Dept 2020]; Puchner v Nastke, 91 AD3d 1261, 1262 [3d Dept 2012]; see also Pizzarotti, LLC v CabGram Dev., LLC, 219 AD3d 1352, 1353 [2nd Dept 2023]). As to the [*2]existence of a meritorious defense, "we note that the quantum of proof needed to prevail on a CPLR 5015 (a) (1) motion is less than that required when opposing a summary judgment motion" (Passeri v Tomlins, 141 AD3d 816, 818 [3d Dept 2016] [internal quotation marks and citation omitted]; accord Inwald Enters., LLC v Aloha Energy, 153 AD3d 1008, 1010 [3d Dept 2017]). Considering this minimal standard of proof, we are satisfied that the limited record before us — which includes the affidavit of defendant and the email correspondence between defendant, her former employer with St. Croix and plaintiff's representative — contains sufficient evidence supporting the defense of substantial truth posited by defendant (see Lai v Montes, 182 AD3d at 649-650). Accordingly, we find that Supreme Court did not abuse its discretion in granting defendant's motion to vacate her default and permitting this matter to proceed on the merits.
Garry, P.J., Egan Jr., Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs.