Darling v Fernette (2025 NY Slip Op 00507)

Darling v Fernette

2025 NY Slip Op 00507

Decided on January 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 30, 2025

CV-23-2218
[*1]Patrick Darling, Respondent,
v
Donya Fernette et al., Appellants.

Calendar Date:December 11, 2024

Before:Garry, P.J., Lynch, Fisher, Powers and Mackey, JJ.

Woodruff Lee Carroll PC, Syracuse (Woodruff L. Carroll of counsel), for appellants.
Tully Rinckey, PLLC, Rochester (Jared K. Cook of counsel), for respondent.

Powers, J.
Appeal from an order of the Supreme Court (Brian Burns, J.), entered November 15, 2023 in Chenango County, which, among other things, denied defendants' motion to vacate a default judgment.
Plaintiff and defendant Donya Fernette (hereinafter Fernette) agreed to go into business for the purpose of operating a bakery. Although they did not enter into a written partnership agreement nor was the business incorporated, a business certificate was filed in December 2021 indicating that plaintiff and Fernette were doing business as The Donut Hut & Bakery. However, the business relationship quickly soured. In September 2022, plaintiff's counsel sent Fernette a letter indicating that plaintiff sought dissolution of the business and recoupment of his investment. Fernette did not respond to this informal letter and, consequently, this action was commenced in February 2023. Plaintiff initially alleged a single cause of action for conversion but subsequently amended his complaint adding causes of action for breach of contract and fraud.[FN1] Following defendants' failure to answer, plaintiff moved for default judgment in June 2023. Therein plaintiff sought return of his $50,000 investment in the business, the return of any personal property, 50% of the profits of the business, counsel fees and costs. In July 2023, Supreme Court granted this motion and awarded plaintiff all requested relief. Judgment was entered against defendants by way of a Statement of Judgment signed by the County Clerk in October 2023, without any formal inquest.
In September 2023, prior to entry of judgment, defendants moved to vacate the default based upon law office failure. Defendants then filed a separate motion seeking to deny filing of the judgment and contesting plaintiff's bill of costs as excessive and unsupported. Plaintiff opposed both motions. Defendants subsequently filed another motion and an order to show cause again seeking to vacate the default. In a November 2023 order, Supreme Court dismissed defendants' motion to deny filing of the judgment as moot and denied the motion to vacate. As to vacatur, the court found that defendants had not established a reasonable excuse for default and, further, that they had "fail[ed] to take any action in the intervening months" after default was entered. Based upon this determination, the court indicated that there was no reason to address whether defendants had established a potentially meritorious defense. Defendants appeal.
"[A] party seeking to vacate a judgment or order based on default [must] demonstrate a reasonable excuse for the default and the existence of a meritorious defense" (Zoom Tan, Inc. v Monforte, 227 AD3d 1237, 1237 [3d Dept 2024] [internal quotation marks and citations omitted]; see CPLR 5015 [a] [1]). Whether to vacate a default judgment "is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Sheber v Ashley Homes LLC, 224 AD3d 1136, 1137 [3d Dept [*2]2024] [internal quotation marks and citations omitted]; see Matter of Savanna II. v Joshua JJ., 226 AD3d 1125, 1126 [3d Dept 2024]). "The reasonableness of the proffered excuse must be assessed based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Zoom Tan, Inc. v Monforte, 227 AD3d at 1237 [internal quotation marks and citations omitted]; see Matter of VW Credit, Inc. v Michael's Automotive Tech, 227 AD3d 1251, 1253 [3d Dept 2024]). A court may "excuse delay or default resulting from law office failure" (CPLR 2005; see Historic Pastures Homeowners Assn., Inc. v Ace Holding, LLC, 167 AD3d 1389, 1391 [3d Dept 2018]; Luderowski v Sexton, 152 AD3d 918, 920 [3d Dept 2017]). Such failures are "generally liberally excused" (Nilt, Inc. v New York State Dept. of Motor Vehicles, 35 AD3d 937, 938 [3d Dept 2006]).
In support of the motion to vacate, defendants affirmed that they had retained former counsel and that he had informed them that he would file an answer, but his office failed to do so. However, they did not become aware of this failure until they were served with the default. Although defendants could have provided stronger support by way of an affirmation from former counsel to better substantiate their claim of law office failure, this is not required. Markedly, plaintiff's submissions in support of his application for costs — included in the record before this Court — establish that his counsel's office was aware that defendants were represented. In fact, plaintiff's counsel's billing records specifically name former counsel and set forth that he was "attorney for defendant[s]." These billing records further demonstrate that plaintiff's counsel had conversed with former counsel and been informed that an answer was being prepared. These facts, in conjunction with the short duration between entry of default in July 2023 and the subsequent motion to vacate in September 2023, establish that plaintiff was not prejudiced by the delay, and that defendants' failure to file an answer was the result of law office failure and not willfulness on the part of defendants (see Pizzarotti, LLC v CabGram Dev., LLC, 219 AD3d 1352, 1353 [2d Dept 2023]; Preferred Mut. Ins. Co. v DiLorenzo, 183 AD3d 1091, 1095 [3d Dept 2020]; Dodge v Commander, 18 AD3d 943, 945-946 [3d Dept 2005]). Defendants' failure to file an answer also does not demonstrate a pattern of repeated neglect but, instead, a single error by former counsel (see OneWest Bank, F.S.B. v Mazzone, 186 AD3d 1815, 1817 [3d Dept 2020], lv dismissed 36 NY3d 1087 [2021]; compare Federal Natl. Mtge. Assn. v Banks, 198 AD3d 1222, 1225 [3d Dept 2021]; Hill v McCrae, 146 AD3d 1131, 1132-1133 [3d Dept 2017]). Considering the strong public policy in favor of resolution on the merits, defendants established a reasonable excuse for default (compare [*3]Bank of N.Y. Mellon v Vaiana, 218 AD3d 1094, 1096 [3d Dept 2023]; Historic Pastures Homeowners Assn., Inc. v Ace Holding, LLC, 167 AD3d at 1391). Accordingly, Supreme Court abused its discretion in its cursory determination that defendants had not established a reasonable excuse for default. We must now determine whether defendants established a potentially meritorious defense.
"To establish the existence of a potentially meritorious defense, defendants needed only to make a prima facie showing of legal merit, as the quantum of proof needed to prevail on a CPLR 5015 (a) (1) motion is less than that required when opposing a summary judgment motion" (Lai v Montes, 182 AD3d 646, 649 [3d Dept 2020] [internal quotation marks and citations omitted]; see Zoom Tan, Inc. v Monforte, 227 AD3d at 1238). In consideration of this minimal standard of proof, defendants' sworn assertions that plaintiff fraudulently induced them to enter the contract and then breached the contract before any breach on their part establishes a potentially meritorious defense (see Zoom Tan, Inc. v Monforte, 227 AD3d at 1238; Lai v Montes, 182 AD3d at 649-650; Luderowski v Sexton, 152 AD3d at 921). As our review of the record reveals sufficient facts supporting a reasonable excuse and a meritorious defense, Supreme Court abused its discretion in denying defendants' motion to vacate the default and declining to permit the matter to proceed on the merits.[FN2]
Garry, P.J., Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Plaintiff's amended complaint also named Fernette's spouse and the business he operated separately as defendants in this action.

Footnote 2: Though not determinative based upon our reversal on the merits of the denial of defendants' motion to vacate, we would be remiss not to address an issue presented by entry of the judgment here. Plaintiff initially applied to Supreme Court for default judgment, yet after the court found defendants in default, the matter was not set down for an inquest. Instead, plaintiff submitted a statement of alleged damages to the County Clerk, who signed and entered same without further inquiry. A clerk's judgment may be properly obtained when the "plaintiff's claim is for a sum certain or for a sum which can by computation be made certain" (CPLR 3215 [a]). However, where extrinsic evidence is necessary to determine the amount of damages, the claim is not for a sum certain (see Jacobs v Gray, ___ AD3d ___, ___, 2025 NY Slip Op 00005, *2 [3d Dept 2025]), in which case an inquest into damages should be held (see CPLR 3215 [b]; 22 NYCRR 202.46). Extrinsic evidence was necessary to determine damages here, demonstrating that plaintiff did not seek a sum certain. Further, the County Clerk's granting of plaintiff's request for counsel fees by way of entry of the judgment "is more in the nature of a judicial function than a ministerial function of the type contemplated for a clerk by CPLR 3215 (a)" (Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 224 [2d Dept 2011]; see Matter of Aaron v Steele Law Firm, P.C., 127 AD3d 1385, 1389 [3d Dept 2015]; Rockefeller v Jeckel, 161 AD2d 1090, 1092 [3d Dept 1990]; Woodward v Eighmie Moving & Stor., 151 AD2d 892, 893 [3d Dept 1989]). As such, the procedure utilized was improper and the County Clerk lacked the authority to enter the judgment (see State of New York v Walker, 224 AD3d 1368, 1369 [4th Dept 2024]; Vinny Petulla Contr. Corp. v Ranieri, 94 AD3d 751, 752 [2d Dept 2012]; compare Qiang Tu v Li Shen, 190 AD3d 1125, 1128 [3d Dept 2021]). Thus, an inquest was required, and Supreme Court erred in failing to hold same (see Fidelity Natl. Tit. Ins. Co. v Valtech Research, Inc., 73 AD3d 686, 687 [2d Dept 2010]; cf. Ayres Mem. Animal Shelter, Inc. v Montgomery County Socy. for Prevention of Cruelty to Animals, 17 AD3d 904, 905 [3d Dept 2005], lv dismissed 5 NY3d 824 [2005], lv denied 7 NY3d 712 [2006]). This improper procedure is only further emphasized by the intervening motion practice. Namely, defendants' September 21, 2023 motion to deny filing of the judgment and plaintiff's subsequent application for entry of judgment only two days later, which was granted and judgment entered rendering defendants' motion to deny filing of judgment moot. This error, which is apparent on the face of the record and would be irrefutable by plaintiff if properly raised, serves as a separate "sufficient ground[ ] for vacating [the] default judgment" (Woodward v Eighmie Moving & Stor., 151 AD2d at 893; see Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d at 225).